NOT FOR PUBLICATION                                                                       (Doc. No. 15)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                                                          :
KISS ELECTRIC, LLC,                                     :
                                                                          :
        Plaintiff,                                      :
                                                                          :  Civil No. 14-3281 (RBK/AMD)
        v.                                                    :
                                                                          :  **MEMORANDUM ORDER**
WATERWORLD FIBERGLASS                          :
POOLS, N.E., INC.,                                         :
                                                                          :
        Defendant.                                  :
_____  :

**KUGLER**, United States District Judge:

    **THIS MATTER** having come before the Court upon the letter of Vincent A. Guarna on behalf of Plaintiff Kiss Electric, LLC ("Plaintiff") in response to this Court's Order requiring additional documentation in support of Plaintiff's request for default judgment, (see Order dated March 25, 2015, Doc. No. 14); and

    **IT APPEARING TO THE COURT** that default judgment was granted against Defendant Waterworld Fiberglass Pools, N.E., Inc. ("Defendant") in the amount of $21,425.00, but the Court required Plaintiff to submit additional documentation in support of Plaintiff's requests for attorney's fees and interest. Specifically, with respect to attorney's fees, Plaintiff was required to submit an affidavit or other evidence setting forth its attorney's fees and actual expenses relating to work expended in this matter as well as the reasonableness therefor. (Op. at 20, Doc. No. 13.) As for interest, the Court requested further evidence as to the date on which Defendant received the unpaid invoices in order to calculate the appropriate amount of interest. (Id. at 19.)

1

**IT APPEARING TO THE COURT** that, although Plaintiff has not indicated an amount of interest it is owed, Plaintiff has provided sufficient documentation for this Court to calculate the appropriate amount of interest under the New Jersey Prompt Payment Act (NJPPA). (See Exh. A at 16–19.) According to receipts submitted, Defendant received the invoices—totaling $21,425.00—on April 29, 2014, and payment was due upon receipt. (Id.) Therefore, in accordance with NJPPA § 2A:30A-2, interest is to begin accruing on April 30, 2014, "the day after the required payment date," and is to end "on the day on which the check for payment has been drawn." § 2A:30A-2(c). As stated in this Court's prior opinion, the applicable interest rate is 4.5%. (See Op. at 19.)

**IT FURTHER APPEARING TO THE COURT** that Plaintiff has provided an affidavit and additional documentary evidence as to the attorney's fees and hours spent litigating this matter. Plaintiff requests $6,879.00 in fees and $495 in costs. (Doc. No. 15.)

**IT IS THEREFORE ORDERED** that Plaintiff is entitled to recover interest at a daily rate of $2.64 until the judgment is satisfied.[1] See § 2A:30A-2(c) (providing that interest accrues until check for payment is drawn). Thus, for the period accruing from April 30, 2016 until March 25, 2015, the date on which default judgment was granted, Plaintiff is entitled to recover $871.20 in interest.

**IT IS THEREFORE FURTHER ORDERED** that Plaintiff's request for $6,879 in attorney's fees and $495 in costs is **GRANTED**.

Dated: 03/01/2016                                  s/Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge

---

[1] To determine the daily rate, the Court divided the annual rate of 4.5% by 365 and then multiplied by $21,425.00. This amounts to a daily rate of $2.64.